UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEIJIAO FANG,<br><br>    Plaintiff,<br><br>v.<br><br>MARCO RUBIO, et al.,<br><br>    Defendants. | Case No. 25-cv-05151-TSH<br><br>**ORDER GRANTING MOTION TO TRANSFER**<br><br>Re: Dkt. No. 8 |

## I.   INTRODUCTION

Plaintiff Peijiao Fang, who represents herself, brings this action to compel Defendants[1] to adjudicate her H-1B visa application. Pending before the Court is Defendants' Motion to Dismiss Plaintiff's complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, for transfer to the District of Columbia pursuant to 28 U.S.C. § 1406(a). ECF No. 8. Plaintiff filed an Opposition (ECF No. 10) and Defendants filed a Reply (ECF No. 18). The Court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b) and **VACATES** the October 2, 2025 hearing. For the reasons stated below, the Court **GRANTS** Defendants' alternative motion to transfer.[2]

## II.   BACKGROUND

Plaintiff is a citizen of China, currently residing in Qingdao, China. Compl. ¶ 6, ECF No. 1. On June 2, 2023, U.S. Citizenship and Immigration Services (USCIS) approved Plaintiff's H-1B petition. *Id.* ¶ 12. She subsequently attended a visa interview at the U.S. Embassy in Shanghai

---

[1] The named Defendants are Marco Rubio, U.S. Department of State, Consular Officer, Kristi Noem, and U.S. Department of Homeland Security.
[2] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 6, 12.

on December 10, 2024, after which the application was placed under administrative processing. *Id.* ¶ 13. Since that time, no substantive update or final decision has been provided. *Id.* ¶ 14. On June 18, 2025, Plaintiff filed this complaint, alleging unreasonable delay in the adjudication of her visa application. *Id.* ¶ 1. Plaintiff claims the Department of State has not issued a final determination on her visa application in violation of the Administrative Procedure Act (APA), 5 U.S.C. §§ 555(b), 706(1). *Id.* ¶ 18.

Defendants filed the present motion on August 23, 2025.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may file a motion for improper venue. The plaintiff bears the burden of demonstrating venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). A court may consider facts outside the pleadings to determine whether venue is proper and need not accept the pleadings as true. *Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005).

If venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district" wherein venue is proper. 28 U.S.C. § 1406(a). Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the discretion of the district court. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

### IV. DISCUSSION

Where, as here, the defendant is a federal officer or employee, venue is proper "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1).

Under subsection (A), venue is proper in the District of Columbia because that is where Defendants reside. *See Chorostecki v. Blinken*, 742 F. Supp. 3d 1078, 1081 (C.D. Cal. 2024) ("Courts generally agree that federal defendants reside in Washington, D.C. for venue purposes, and that venue does not lie in every district where a federal agency has an office.") (citing *J.P. v. Sessions*, 2019 WL 6723686, at *43 (C.D. Cal. Nov. 5, 2019)); *Zhang v. Chertoff*, 2008 WL

5271995, at *3 (N.D. Cal. Dec. 15, 2008) ("Federal defendants are generally deemed to reside in the District of Columbia.") (citing *Williams v. United States*, 2001 WL 1352885, *1 (N.D. Cal. Oct. 23, 2001)).

Subsection (B) does not apply because Plaintiff's claims are based on events and omissions that occurred in China, specifically at the United States Embassy in Shanghai. *See* Compl. ¶ 13; *Ou v. Chertoff*, 2008 WL 686869, at *1 n.1 (N.D. Cal. Mar. 12, 2008) ("[T]he events and omissions on which the instant claim is based occurred in China. Accordingly, subsection (b) is inapplicable."); *Kiyaroudi v. Rubio*, 2025 WL 1434380, at *3 (W.D. Wash. May 19, 2025) (finding subsection (B) did not apply because "the relevant conduct occurred in Auckland, New Zealand, where he applied for his visa, underwent an interview, and received notice that his application had been refused and required administrative processing"); *Chorostecki*, 742 F. Supp. 3d at 1081 (finding subsection (B) did not apply because plaintiff's "claim arises from the delay of [her] visa application, which took place entirely outside the United States, and in the U.S. Consulate in Montreal, Canada.").

Plaintiff argues venue is proper under subsection (C) because she is "domiciled" in Santa Clara, California, which is in this District and where Applied Materials, her H-1B petitioning employer, is located. Opp'n at 1. In support of her argument, Plaintiff provides evidence of a residential lease in Santa Clara, a California driver's license issued on November 21, 2023, bank records showing Santa Clara as her mailing address, and a verification of employment from Applied Materials showing December 6, 2021 as her date of hire and her work location in Santa Clara. Fang Decl. ¶ 1 & Exs. A-D, ECF No. 10-1 – 10-5; Supp'l Not., ECF No. 19.

As a Chinese citizen, Plaintiff is considered an alien in this country. *See Chorostecki*, 742 F. Supp. 3d at 1082 ("As a Canadian national, Chorostecki, the sole plaintiff, is considered an alien."). The Supreme Court has held that an alien "is assumed not to reside in the United States, and hence must resort to the domicil[e] of the defendant." *Galveston, H. & S.A. Ry. Co. v. Gonzales*, 151 U.S. 496, 506–07 (1894). "Courts in the Ninth Circuit have held that in the context of venue, this holding gives rise to a rebuttable presumption that an alien does not reside in any judicial district." *Chorostecki*, 742 F. Supp. 3d at 1081 (citing *Gu v. Napolitano*, 2009 WL

3

2969460, at *2 (N.D. Cal. Sept. 11, 2009)); *Ou*, 2008 WL 686869, at *1 ("Courts have long held that, for venue purposes, an alien is 'assumed not to reside in the United States.'") (quoting *Galveston*, 151 U.S. at 506-07); *Kiyaroudi*, 2025 WL 1434380, at *3 ("Courts in the Ninth Circuit have applied a rebuttable pres[u]mption that, for the purpose of determining whether venue is proper, a noncitizen does not reside in any judicial district in the United States.").

In 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act, which amended the venue statute by adding "an alien lawfully admitted for permanent residence in the United States" to the category of "natural person" who "shall be deemed to reside in the judicial district in which that person is domiciled." Pub. L. 112–63, 125 Stat. 758 (Dec. 7, 2011). Under the amended venue statute, "a non-citizen who is lawfully present in the United States and has taken steps under the immigration laws that objectively manifest an intent to make permanent his residence here can claim residence for purposes of the venue statute." *Luna v. United States*, 2021 WL 673534, at *2 (W.D. Wash. Feb. 22, 2021); *E.L.A. v. United States*, 2022 WL 2046135, at *3 (W.D. Wash. June 3, 2022) ("Under the amended language, Congress did not restrict the statute to apply only to those with legal permanent residence ('LPR') status, per se, but rather more broadly to aliens 'lawfully admitted for permanent residence in the United States.'") (quoting *Luna*, 2021 WL 673534, at *2).

Here, Plaintiff has failed to rebut the presumption that she does not reside in any judicial district. Although she has provided a residential lease with an address in this District, she admits she is a citizen of China and currently resides there. *See* Compl. ¶ 6 (alleging "Plaintiff Peijiao Fang is a citizen of China" and "Plaintiff currently resides in Qingdao, China"); *Chorostecki*, 742 F. Supp. 3d at 1082 (granting dismissal for improper venue because a foreign national's ownership of a residence in Los Angeles did not rebut the presumption for venue purposes that her place of residence is in Canada); *Kiyaroudi*, 2025 WL 1434380, at *3 (finding plaintiff could not satisfy subsection (C) because "[a]lthough [he] provides an address in Bellevue, Washington, where he hopes to reside after his visa is granted . . ., he does not dispute that he is "currently outside the United States").

Nor does the 2011 amendment help Plaintiff. As an H1-B visa applicant, her residency

4

status is temporary. *See* 8 U.S.C. § 1101(a)(15)(H)(i)(b) (An H1-B visa applicant is an "alien . . . who is coming temporarily to the United States to perform services."); *Shen v. Simpson*, 687 F. Supp. 3d 1219, 1233 (N.D. Fla. 2023) (to obtain H-1B visas, applicants must "declare that they did not intend to remain permanently or indefinitely in the United States.") (citing 8 C.F.R. § 214.1(a)(3)(ii)). It follows that she is not domiciled in this District. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there.") (citations omitted). Accordingly, the amended 28 U.S.C. § 1391(c)(1) ("For all venue purposes . . . a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled") does not make her a resident of this District.

Because Plaintiff has failed to demonstrate that venue is proper in the Northern District of California, the Court must either dismiss this action or, if it is in the interest of justice, transfer it to the District of Columbia. 28 U.S.C. § 1406(a). The Court finds transfer is appropriate, as failure to do so would leave Plaintiff without recourse for her claims. Transfer also avoids any potential due process concerns. *See Ou*, 2008 WL 686869, at *2 ("Because an alternative forum exists, Ou will not be denied due process if her claim is not heard in this district."); *Zhang*, 2008 WL 5271995, at *3-4 (noting plaintiff would not be denied due process if case is transferred).

Plaintiff argues her choice of forum "deserves deference." Opp'n at 1. "While substantial consideration is generally given to a plaintiff's choice of forum, the degree of deference is substantially diminished in several circumstances, including where . . . 'the plaintiff's venue choice is not its residence.'" *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1094 (N.D. Cal. 2013) (quoting *Fabus Corp. v. Asiana Exp. Corp.*, 2001 WL 253185, at *1 (N.D. Cal. Mar. 5, 2001); *see also Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (affirming transfer, over plaintiff's opposition, and affording plaintiff's choice of forum only minimal consideration); *Catch Curve, Inc. v. Venali, Inc.*, 2006 WL 4568799, at *2 (C.D. Cal. Feb. 27, 2006) (holding "[t]he plaintiff's choice is given less weight where the plaintiff is a nonresident or the chosen forum lacks any significant contact with the activities giving rise to the litigation" and finding that

5

1  this factor "weighs in favor of transfer" when neither the plaintiff or defendant is in California).
2  Accordingly, because Plaintiff is not a resident of this District and the conduct giving rise to the
3  claim occurred outside of the United States, the Court finds Plaintiff's choice of forum is entitled
4  to diminished weight.

## V.  CONCLUSION

Plaintiff has not met her burden to establish venue in this District is proper under § 1391(e)(1).  In the interests of justice, the Court finds transfer to the District of Columbia appropriate pursuant to 28 U.S.C. § 1406(a).  Accordingly, the Court **GRANTS** Defendants' alternative motion to transfer and **TRANSFERS** this action to the District Court for the District of Columbia.

**IT IS SO ORDERED.**

Dated: September 29, 2025

THOMAS S. HIXSON
United States Magistrate Judge